ALONZO S. WINSHIP vs. ROYAL J. COLBATH et al.

Aroostook.    Opinion June 23, 1923.

*Under a contract providing that one party may terminate the contract when in his judgment the other party is not performing his part of the contract to the satisfaction of the other party, who is to be the sole judge, such termination or abrogation of the contract must be the result of the exercise of his judgment only upon the manner in which the other party is performing his part of the contract, and not for other and different reasons.*

In this case the defendant was authorized under a provision in the contract, when he became dissatisfied with the manner in which the contract work was being done, to terminate the contract upon his judgment. And if he exercised his judgment in good faith with reference to the manner in which the work was being done, he undoubtedly had the right to terminate the contract without reference to the question as to whether the work was being done in a reasonably satisfactory manner, or in a manner satisfactory to the judgment of reasonable men. If in good faith he believed that it was not done in a satisfactory manner, he was, under the terms of the contract the sole Judge of the fact.

But under the provisions of the contract, he was forced to exercise his judgment only upon the manner in which the party of the second part or his workmen were doing the work.

If, therefore, he did not exercise his judgment on that question, but terminated the contract for other and entirely different reasons, he was not protected in what he did by the provision under which he claims to have acted.

On motion by defendant for new trial. Two cases tried together. The second case was brought to recover for labor performed, the only question involved being the amount of labor rendered. The first case involved a clause in a written contract providing that the defendant might terminate the contract whenever in his judgment the plaintiff was not doing the work to be done under the contract in a manner satisfactory to him, he to be the sole judge. Both cases were tried to a jury and a verdict for plaintiff was rendered in each case, and defendant filed a motion for a new trial in each case. Motions overruled.

The case is sufficiently stated in the opinion.

*Stetson H. Hussey and Charles P. Barnes,* for plaintiff.

*Winfield S. Brown,* for defendants.

SITTING: SPEAR, HANSON, DUNN, MORRILL, DEASY, JJ.

SPEAR, J. The record before us involves the trial of two cases. The second case was based upon the performance of certain labor, with regard to which there was no dispute except as to the amount of labor performed. Inasmuch as this involved a pure question of fact, we are of the opinion that the verdict found by the jury in this case was clearly justifiable, and should be permitted to stand.

The first case was based upon a written contract, the execution of which was entered upon by the plaintiff, and after certain labor was performed for which the plaintiff seeks to recover in his action the defendant, under a clause providing therefor, abrogated the contract and discharged the plaintiff from further work thereon.

Now the contract provided for its termination by the defendant in the following language: "It is further agreed by and between the parties hereto that if, at any time during the life of this contract, the said Colbath becomes dissatisfied with the manner in which the party of the second part, or the workmen employed by him, are doing the work, he may terminate this contract forthwith, hereby making the said Royal Colbath the sole judge as to whether the work done by the party of the second part or his employees is satisfactory to the said Colbath and Anderson."

It appears from this quotation that the defendant was authorized, when he became dissatisfied with the manner in which the contract work was being done, to terminate the contract upon his own judg-

ment.   And if he exercised his judgment in good faith with reference to the manner in which the work was being done, he undoubtedly had the right to terminate the contract without reference to the question as to whether the work was being done in a reasonably satisfactory manner, or in a manner satisfactory to the judgment of reasonable men.   If in good faith he believed that it was not done in a satisfactory manner, he was, under the terms of the contract the sole judge of that fact.   But under the provisions of the contract, he was forced to exercise his judgment only upon the manner in which the party of the second part or his workmen were doing the work.   If therefore, he did not exercise his judgment in that regard, but terminated the contract for other and entirely different reasons, he was not protected in what he did by the provision under which he claims to have acted.

The plaintiff, in his testimony, states the ground upon which Mr. Colbath terminated the contract as follows:

"Q.   What did Mr. Colbath say when he first came in?

"A.   He came in the shop and walked over to Mr. Boulier and said, 'Ed. I am all done with you.'   He walked over to my boy and said, 'I am all done with you.'   He says, 'You, Lon, I want to keep to do my job work this winter.'   I says, 'Mr. Colbath, is that according to contract?'   He says, 'It doesn't make any difference about the contract; you might as well stick it in the stove and burn it up.'   I says, 'Mr. Colbath, you can burn your contract; I will keep mine.'

"What else did he say there in the shop that morning about your getting through?

"A.   He said on account of hard times he was obliged to close it down.

"Q.   Give us your talk as near as you can about hard times?

"A.   Well, times being hard he was going to close her down and, he said, 'I will wait until along towards Spring and if times get better he would go at them again.'

"Q.   Was he in the shop quite a while on that visit talking with you?

"A.   Probably three-quarters of an hour or an hour.

"Q.   And you talked back and forth the most of the time?

"A.   That is about all that was said, except we might as well go out; he was going to lock the shop; and I made the remark I shouldn't go until I took the tools with me that belonged to me.

"Q. Did you agree then to throw up the contract and go to work for him?

"A. No sir."

Mr. Colbath denies that he terminated the contract upon the grounds or for the reasons stated by the plaintiff. This conflict of testimony, however, presented a pure question of fact for the decision of the jury. If they believed Mr. Winship, then it is apparent that the jury were justified in finding that the defendant did not abrogate the contract upon the grounds upon which he was authorized under the paragraph quoted. He therefore did not legally terminate the contract, and the question of how much the plaintiff was entitled to for his services under the contract was left open. And this was a question of fact as to the amount to which the plaintiff was entitled.

The evidence upon this question was contradictory but was submitted to the jury upon instructions to which no exceptions were taken, and upon the evidence they founded their verdict.

While some uncertainties appear with reference to the amount of the verdict it was nevertheless left to the only tribunal qualified to determine such questions, and we do not feel that the court would be justified in interfering with this verdict.

*Motion in each case overruled.*